JOHN L. LYMAN, trustee, *vs.* RICHARD J. MORRISSEY, administrator.

Hampshire. September 21, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust,* Construction of trust instrument. *Devise and Legacy.*

Where a will provides that, if the testator's widow survives him, she shall have "the use, improvement and income" of his entire estate for her life and "the full right to use such part of the principal of my estate, as she and my executor and trustee may decide to be needed for her comfortable support whether in health or sickness during her life," the intention of the testator, unambiguously expressed, is that the use of any part of the principal should depend upon the decision of his wife and of the executor and trustee that such portion was needed for the comfortable support of his wife in health and sickness; and if the widow, under guardianship as an insane person, was comfortably supported by the income from her husband's estate, by income from her own property and by a pension, and she and the trustee never decided that any part of the principal of the testator's estate was needed for her comfortable support, the trustee

need not repay to the administrator of her estate after her death from the principal of the trust fund any portion of what was expended for her comfortable support from the income of her own property and from her pension.

BILL IN EQUITY, filed in the Probate Court for the county of Hampshire on November 11, 1920, by the trustee under the will of Byron P. Owen for instructions.

Material facts are stated in the opinion. The bill was heard by *Bassett*, J., by whose order there was entered the decree described in the opinion. The administrator of the estate of Chloe S. Owen appealed.

The case was submitted on briefs.

*J. W. Mason*, for the administrator of the estate of Chloe S. Owen.

*J. C. Hammond*, for the legatees under the Owen will.

PIERCE, J. The will of Byron P. Owen, late of Easthampton in the county of Hampshire, contained the following provision: "First: If my beloved wife, Chloe S. Owen, survives me, I give to her the use, improvement and income of my entire estate, whether real or personal, for and during the term of her natural life. I also give to her the full right to use such part of the principal of my estate, as she and my executor and trustee may decide to be needed for her comfortable support whether in health or sickness during her life." The will was duly probated.

The wife, Chloe S. Owen, survived her husband, and was under guardianship as an insane person until her death. During her life she was comfortably supported by the income from the estate, by the income from her own property, and by her income as a pensioner. But for the fact that she was under guardianship as an insane person and had property of her own, some part of the principal of the estate would have been needed for her comfortable support. The widow and the executor and trustee never decided that any part of the principal was needed for her comfortable support.

After the death of the widow and the appointment of an administrator of her estate, the trustee under the will filed in the Probate Court for the county of Hampshire a petition wherein, in substance, it is set forth that he has filed his final account which shows a residue to be distributed to the residuary legatees; that the administrator of the estate of the widow claims that some

portion of the principal fund, the amount of which is not indicated, ought to have been paid for her comfortable support, and that that portion now accrues to him as administrator; and prays the court "to ascertain the facts and to instruct him as to his duty in the premises. And whether the whole net residue after the expenses of this proceeding are deducted belongs to said residuary legatees, or whether any portion, and if so how much, belongs equitably to said Morrissey as administrator, or to said Hatch as guardian."

The judge of the Probate Court found the facts to be in substance as are above set forth; and by his order and decree instructed the trustee "that by the first clause of Byron P. Owen's will his wife, Chloe S. Owen, who survived him, was not given the absolute right to use the principal of his estate for her comfortable support, but only such part of the principal as she and the executor and trustee named in the will might decide to be needed therefor." From this decree the administrator and the administrator *de bonis non* appealed to this court.

We think the decree must be affirmed. There is no ambiguity in the language used by the testator, nor is there any reasonable doubt that it was his intention that the use of any part of the principal should depend upon the decision of his wife and of the executor and trustee that such portion was needed for the comfortable support of his wife in health and sickness. We find no authority in support of the contention of the defendant that it was the legal duty of the guardian of the insane widow and of the executor and trustee to decide, under the circumstances disclosed, that any portion of the principal of the estate was needed for the comfortable support of the widow; nor do we think it necessary to decide whether such action of the guardian would fulfil the expressed intention of the testator that the decision should be made by his wife and by his executor and trustee.

*Decree affirmed.*